**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

REMEDIAL ENVIRONMENTAL )
MANPOWER INC. )
)
      **Plaintiff,** )
)
**v.** )      **Case No: 26-cv-2194**
)
PHILADELPHIA INDEMNITY )
INSURANCE COMPANY, )
)
      **Defendant.** )

**NOTICE OF REMOVAL**

Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), by and through its undersigned attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, hereby removes Case No. 2026CH00528 from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446. As grounds for removal, PIIC states as follows:

**STATEMENT OF THE CASE**

1.      On January 20, 2026, Plaintiff, REMEDIAL ENVIRONMENTAL MANPOWER, INC. ("Remedial"), filed a Complaint for Declaratory Judgment (the "State Court Action") against PIIC in the Circuit Court of the First Judicial District, Cook County, Illinois styled *Remedial Environmental Manpower Inc. v. Philadelphia Indemnity Insurance Company.*, Case No. 2026CH00528. (A true and accurate copy of the Summons, Complaint, and proof of service on the Defendant in the State Court Action is attached hereto as **Exhibit A**).

2.      The State Court Action seeks, among other things, a declaration regarding PIIC's duty to defend and indemnify Remedial in connection with an underlying lawsuit filed on May 27,

2025 in the Circuit Court of Cook County, styled *David Ruffin & Leo Mondy III v. Remedial Environmental Manpower, Inc.*, Case No. 2025CH03287 (the "Underlying Lawsuit").

3. On June 27, 2025, the Underlying Lawsuit was removed from the Court of Cook County to the Northern District of Illinois, Case No. 1:25-cv-07257. The current operative complaint in the Underlying Lawsuit is the Second Amended Complaint. A true and accurate copy of the Second Amended Complaint is attached hereto as **Exhibit B**.

4. The Underlying Lawsuit alleges that Remedial supplied employees to work for JCG's various poultry and distributing facilities across Illinois.

5. The Underlying Lawsuit alleges that Remedial improperly deducted the employees' pay in violation of the Illinois Minimum Wage Law (820 ILCS § 195/4a) ("IMWL").

6. The Underlying Lawsuit alleges that Remedial made improper deductions to the plaintiff employees' wages in violation of the Illinois Wage Payment and Collection Act (820 ILCS § 115/9) ("IWPCA").

7. The Underlying Lawsuit further alleges that Remedial improperly deducted meal break time from the employees' work hours and therefore did not pay employees for all overtime hours worked in violation of the Fair Labor Standards Act (29 U.S.C. § 207) ("FLSA").

8. The State Court Action alleges that PIIC issued a Commercial Lines Policy to Remedial effective September 1, 2021, through September 1, 2022, and further allege the policy was subsequently renewed on an annual basis until September 1, 2025.[1]

9. In the State Court Action, Remedial seeks a declaration that PIIC has a duty to defend Remedial in the Underlying Lawsuit and indemnify Remedial for any judgment that may be entered against Remedial in the Underlying Lawsuit.

---

[1] PIIC denies that all policies referenced in the State Court Action and attached as exhibits thereto were issued by PIIC.

10. The State Court Action also asserts a claim under Section 155 of the Illinois Insurance Code (215 ILCS § 5/155), wherein Remedial contends PIIC has acted vexatiously and unreasonably in denying coverage to Remedial.

11. Finally, the State Court Action brings a claim that PIIC is estopped from asserting coverage defenses in relation to its obligations in the Underlying Lawsuit.

## THE PARTIES

12. Plaintiff filed this lawsuit naming PHILADELPHIA INDEMNITY INSURANCE COMPANY as Defendant. PIIC is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania.

13. Plaintiff, Remedial Environmental Manpower, Inc. is a corporation organized under the laws of the State of Illinois with its principal place of business in Forest Park, Illinois.

## JURISDICTION

14. This Court has jurisdiction over each of the parties based on diversity of citizenship pursuant to 28 U.S.C § 1332(a)(1) in that the citizenship of the parties is completely diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15. As set forth above, complete diversity of the parties exists because PIIC is a citizen of the State of Pennsylvania while Remedial is a citizen of Illinois.

16. As made clear by the allegations and claims asserted in the Underlying Lawsuit, the amount in controversy also exceeds $75,000.

17. In the State Court Action, Remedial seeks a declaration that PIIC is obligated to defend Remedial and indemnify Remedial for any judgment entered in the Underlying Lawsuit.

18.     The Underlying Lawsuit is asserted as a putative class action consisting of three distinct classes: the Illinois Minimum Wage Class; the Illinois Wage Payment and Collection Act Class; and the FLSA Class.

19.     The Illinois Minimum Wage Class includes all employees of Remedial that worked at least 37.5 hours in at least one week between March 21, 2022 and the resolution of the Underlying Lawsuit.

20.     The Illinois Wage Payment and Collection Act Class consists of all employees of Remedial that had deductions taken from their wages for sanitary equipment and protective gear between March 21, 2015 and the resolution of the Underlying Lawsuit.

21.     The FLSA Class consists of employees of Remedial that worked at least 37.5 hours in at least one week between March 21, 2022 and the resolution of the Underlying Lawsuit.

22.     The Underlying Lawsuit asserts that Remedial employed more than 100 hourly paid workers in the prior three years.

23.     As to the Illinois Minimum Wage Class, the Underlying Lawsuit seeks unpaid overtime wages for those employees in the amount of one-and-one-half times their regular rates for three years prior to the filing of the lawsuit, treble damages, statutory penalties in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

24.     As to the Illinois Minimum Wage Class, the Underlying Lawsuit seeks an amount equal to the improper deductions to those employees' wages, damages in the amount of five percent (5%) per month of the amount of the underpayment, and reasonable attorneys' fees and costs.

25. As to the FLSA Class, the Underlying Lawsuit seeks unpaid overtime wages at the rate of one-and-one half times their regular rates, liquidated damages in an amount equal to their unpaid overtime wages and attorneys' fees and costs incurred in pursing this claim.

26. Remedial seeks a declaration that PIIC owes a duty to indemnify Remedial for the claims asserted by all three classes of plaintiffs in the Underlying Lawsuit.

27. In addition, Remedial seeks a finding that PIIC violated Section 155 of the Illinois Insurance Code, which could include damages up to $60,000 as well as Remedial's attorneys' fees in this lawsuit. *See* 215 ILCS § 5/155.

28. Based on Remedial's claim for recovery for defense costs in the Underlying Lawsuit, Remedial's claim for indemnity for any damages sought by the three putative classes in the Underlying Lawsuit, and Remedial's demand for relief under Section 155 of the Illinois Insurance Code, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Kennelly v. Landmark American Ins. Co.*, 2025 U.S. Dist. LEXIS 146043, *7 (N.D. Ill. July 30, 2025) ("in an insurance coverage dispute, the amount in controversy is the sum of the indemnity requested by the covered party and, when the policy includes a duty to defend, the expense of providing a legal defense"); *Am. Highway, Inc. v. Travelers Co.*, 686 F. Supp.3d 745, n.2 (N.D. Ill. 2023) (damages claimed under Section 155 should be considered to establish amount in controversy exceeds $75,000).

## <u>VENUE</u>

29. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the Northern District of Illinois, Eastern Division, is the federal judicial district embracing the Circuit Court of Cook County, Illinois, where the State Court Action was originally filed.

**ARGUMENT**

30.     As set forth above, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

31.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule, a true and correct copy of the process, pleadings, orders, and documents from the State Court action which have been served upon PIIC, are being filed with this Notice of Removal.

32.     The Notice of Removal has been filed within 30 days of the date that PIIC was served with the Summons and Complaint in the State Court Action. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

33.     Pursuant to 28 U.S.C § 1446(d), upon the filing of this Notice of Removal, PIIC will file a Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, with the Circuit Court of Cook County, Illinois, and will serve copies on Remedial by U.S. Mail.

34.     PIIC has not attempted to litigate the State Court Action or taken any action that can be construed as a waiver of its right of removal.

35.     No waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal. PIIC hereby reserves all defenses, affirmative defenses, and rights, including the right to raise defects of forum and service of process. PIIC also reserves the right to submit evidence supporting this Notice of Removal if Remedial moves to remand this action to state court.

WHEREFORE, Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

/s/ Brian C. Bassett
Brian C. Bassett
*One of the attorneys for Philadelphia Indemnity*
*Insurance Company*

Brian C. Bassett (6285714)
Laura Schroeder (6342847)
Traub Lieberman Straus & Shrewsberry LLP
71 S. Wacker Drive, Suite 2110
Chicago, IL 60606
Tel: 312-332-3900
Fax: 312-332-3908
bbassett@tlsslaw.com
lschroeder@tlsslaw.com